## UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.3.3
### Eastern Division

Moni Shrestha, et al.

                Plaintiff,

v.                                         Case No.: 1:21–cv–04957
                                                     Honorable John Robert Blakey

Alejandro Mayorkas, et al.

                Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, November 17, 2021:

      MINUTE entry before the Honorable John Robert Blakey: The Court grants Defendant's motion to sever [4]. Fed. R. Civ. P. 20 authorizes individuals to join as plaintiffs in bringing a single action, if: (A) they "assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Plaintiffs here fail to satisfy the first requirement: they seek individual relief based upon their individual Form I–485 applications. As to the second requirement, Plaintiffs argue that they raise a common issue: whether 22 months constitutes an unreasonable delay. See [8] at 2. But that inquiry is necessarily fact intensive and requires the fact–finder to delve into the particular facts of each individual's case, review each individual plaintiff's administrative record, and evaluate Defendant's separate actions with respect to each individual application. For these reasons, even if joinder technically were permitted under Rule 20, it makes no sense from a judicial perspective, absent a showing that one or more named plaintiffs actually joined in a single Form I–485. See, e.g., Leadbetter v. City of Fort Wayne, No. 1:06–CV–285, 2007 WL 2782277, at *1 (N.D. Ind. Sept. 21, 2007) (the determination of whether to sever is "committed to the broad discretion of the trial judge" and depends upon, inter alia, the convenience and fairness to parties, the claims' "separability in logic and law," and the needs of the case; severance should "serve the ends of justice and facilitate the prompt and efficient disposition of the litigation.") quoting Bennett v. Sch. Dirs. of Dist. 115, No. 96 C 2422, 1996 WL 495555, at *2 (N.D.Ill. Aug. 28, 1996)). Fed. R. Civ. P. 21 provides that, where parties are misjoined, the Court may add or drop a party or sever claims. But the Court will leave it to Plaintiffs to decide which individual(s) will proceed in this case and which specific Form I–485 adjudication they wish to challenge. Plaintiffs shall, by 12/10/21, file an amended complaint consistent with this order. The 11/18/21 Notice of Motion date is stricken. Mailed notice(gel, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of

Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.